IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| SAINTS D. INFANTE, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | NO. MO:17-CV-00163-RAJ |
| | § | |
| MIDLAND COUNTY, CITY OF | § | |
| MIDLAND, ODESSA POLICE | § | |
| DEPARTMENT, MIDLAND POLICE | § | |
| DEPARTMENT, MIDLAND | § | |
| SHERIFF'S DEPARTMENT, | § | |
|     *Defendants*. | § | |

**ORDER DISMISSING 42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT**

BEFORE THE COURT is Plaintiff SAINTS D. INFANTE's ("Plaintiff") Complaint under the Civil Rights Act, 42 U.S.C. § 1983. (Doc. 1). On August 24, 2017, the Court denied Plaintiff's Motion to Proceed *In Forma Pauperis* and ordered Plaintiff to pay the four hundred dollar ($400.00) filing fee within thirty (30) days. (Doc. 4). The Court warned that this case would not proceed until such time as the filing fee is received. (*Id.*). Further, the Court advised Plaintiff that failure to pay the $400.00 filing fee would result in dismissal of the case for want of prosecution and failure to comply with Court Orders. (*Id*). To date, Plaintiff has failed to pay the $400.00 filing fee. Accordingly, this case shall be dismissed for want of prosecution and for Plaintiff's failure to comply with the Orders of this Court.

If a plaintiff fails to prosecute or comply with the Federal Rules of Civil Procedure or a court order, a court may dismiss the action based on its inherit powers. Fed. R. Civ. P. 41(b); *Aucoin v. K-Mart Apparel Fashion Corp.*, 943 F.2d 6, 8–9 (5th Cir. 1991). A district court may dismiss *sua sponte* an action for failure to comply with any court order or failure to prosecute. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *see also, McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (stating that a district court has inherent authority to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order). "The power to invoke this sanction is necessary

in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). Thus, federal courts have the authority to dismiss *sua sponte* for lack of prosecution in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 632; *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980).

As outlined above, Plaintiff has failed to pay the $400.00 filing fee by the thirty-day deadline. Therefore, in the interest of judicial economy, Plaintiff's Civil Rights Complaint shall be **DISMISSED** for want of prosecution and failure to comply with this Court's Orders. (Doc. 1).

**IT IS HEREBY ORDERED** that Plaintiff has failed to prosecute his case and comply with the orders of this Court. (Doc. 4). As a result, Plaintiff's 42 U.S.C. § 1983 Civil Rights action shall be **DISMISSED WITHOUT PREJUDICE** for want of prosecution and for failure to comply with the Orders of this Court. (Doc. 1).

It is further **ORDERED** that any pending motions are **DENIED** as **MOOT**.

It is so **ORDERED**.

SIGNED this 29th day of September, 2017.

_____
ROBERT JUNELL
SENIOR U. S. DISTRICT JUDGE